UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ERIC D. GANT,

Plaintiff,

v.

Case No. 26-cv-1062-pp

ROBERT J. JONKER and JAMES LAMB,

Defendants.

---

**ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2), SCREENING COMPLAINT AND DISMISSING CASE WITHOUT PREJUDICE**

---

On June 12, 2026, the plaintiff—who is representing himself—filed a complaint against defendants Robert J. Jonker, a United States District Court judge in the Western District of Michigan, and James Lamb, an Assistant United States Attorney in the Western District of Michigan. Dkt. No. 1. The plaintiff also filed a motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

This order grants the plaintiff's motion for leave to proceed without prepaying the filing fee, screens the plaintiff's complaint and dismisses the case for lack of subject-matter jurisdiction.

## I. Motion to Proceed Without Prepaying the Filing Fee (Dkt. No. 2)

An indigent federal plaintiff "may commence a civil action without prepaying fees or paying certain expenses." Coleman v. Tollefson, 575 U.S. 532, 534 (2015). To qualify to proceed without prepaying the filing fee, a plaintiff

must fully disclose his financial condition and must do so truthfully under penalty of perjury. See 28 U.S.C. §1915(a)(1) (requiring the person seeking to proceed without prepayment to submit "an affidavit that includes a statement of all assets [they] possess[]"). If the plaintiff demonstrates that he is unable to pay the filing fee, the court still must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

The plaintiff's declaration states that he receives $100 a month, but he does not identify the source of that monthly income. Dkt. No. 2 at 1. He says that he has no cash or money held in a checking or savings account. Id. at 2. The plaintiff states that he has $456 in monthly expenses ($400 in rent and a $56 phone bill). Id. The plaintiff also reports that he owes $56,000 in student loan debt and has $20,000 in other outstanding debt. Id. He does not own a car, a home or any other property of value. Id. Based on the information in the declaration, the court concludes that the plaintiff does not have the ability to prepay the filing fee. The court will grant the plaintiff's motion for leave to proceed without prepaying the filing fee.

The court advises the plaintiff, however that he still is responsible for paying the filing fee over time. Robbins v. Switzer, 104 F.3d 895, 898 (7th Cir. 1997); see also Rosas v. Roman Catholic Archdiocese of Chi., 748 F. App'x 64, 65 (7th Cir. 2019) ("Under 28 U.S.C. § 1915(a), a district court may allow a litigant to proceed 'without *prepayment* of fees,' but not without ever paying

fees.") (emphasis in original)). When a court grants a motion allowing a plaintiff to proceed without prepaying the filing fee, it means only that the person does not have to pre-pay the full filing fee up front; the plaintiff still owes the filing fee. He must pay it over time as he is able.

## II. Screening the Complaint

### A. Legal Standard

The court next must decide whether the plaintiff has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b).

In determining whether the complaint states a claim, the court applies the same standard that it applies when considering whether to dismiss a case under Federal Rule of Civil Procedure 12(b)(6). See Cesal v. Moats, 851 F.3d 714, 720 (7th Cir. 2017) (citing Booker-El v. Superintendent, Ind. State Prison, 668 F.3d 896, 899 (7th Cir. 2012)). To state a claim, a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint must contain enough facts, accepted as true, to "state a claim for relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556).

A plaintiff does not need to plead every fact supporting his claims; he needs only to give the defendants fair notice of the claim and the grounds upon which it rests. Twombly, 550 U.S. at 555 (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Legal conclusions and conclusory allegations merely reciting the elements of the claim are not entitled to this presumption of truth. Id. at 663-64. In evaluating plausibility, the court looks at the complaint and "documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." Williamson v. Curran, 714 F.3d 432, 436 (7th Cir. 2013). A document filed by a person who is representing himself must be "liberally construed," and "'however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quoting Estelle v. Gamble, 429 U.S. 97, 106 (1976)). See also, Cesal, 851 F.3d at 720 (citing Perez v. Fenoglio, 792 F.3d 768, 776 (7th Cir. 2015)).

B. The Complaint

The plaintiff lives in River Rouge, Michigan. Dkt. No. 1 at 1. In April 2026, the plaintiff filed a lawsuit against the United States Bankruptcy Court for the Western District of Michigan because it would not seal the record of his 2024 bankruptcy proceedings. Gant v. United States Bankruptcy Court Western District of Michigan, Case No. 26-cv-1161 (W.D. Mich.). On June 2, 2026, District Judge Jonker dismissed the lawsuit as barred by sovereign immunity. Id. at Dkt. No. 19.

In the complaint he filed in this district, the plaintiff sues Judge Jonker because the judge dismissed the plaintiff's case against the Western District of Michigan bankruptcy court. Gant v. Jonker, Case No. 26-cv-1062 (E.D. Wis.), Dkt. No. 1 at ¶¶2-3. The plaintiff also sues James Lamb, the Assistant U.S. Attorney who represented the bankruptcy court in the plaintiff's Michigan lawsuit. See id. at ¶¶4-5.

The defendants both reside in Michigan. See id. at 1. The plaintiff alleges that the defendants slandered him by making it appear that his claims against the bankruptcy court were frivolous. See id. at ¶6. The plaintiff asserts that Judge Jonker "recited a mediocre reasoning to dismiss[] the case based on the outdated and old timey grounds of sovereign immunity." Id. at ¶3. And the plaintiff says that Attorney Lamb relied on the "old timey grounds of sovereign immunity" in arguing for the dismissal of the plaintiff's case. See id. at ¶¶4, 8. The plaintiff also asserts that he "had the right to abolish [Michigan's] government and to make [himself] the King of the state of Michigan, the United States, and the world." Id. at ¶10. The plaintiff seeks $1,000,000 in damages from each defendant. Id. at ¶18.

C. Analysis

"Federal courts are courts of limited jurisdiction" which "possess only that power authorized by Constitution and statute." Kokkonen v. Guardian Life Insurance Co. of Am., 511 U.S. 375, 377 (1994). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (internal citations

omitted). Federal courts "have an obligation at each stage of the proceedings to ensure that [they] have subject matter jurisdiction over the dispute." Ne. Rural Elec. Membership Corp. v. Wabash Valley Power Ass'n, Inc., 707 F.3d 883, 890 (7th Cir. 2013). If a federal court does not have subject-matter jurisdiction, it must dismiss a case. See United States v. Furando, 40 F.4th 567, 576 (7th Cir. 2022); see also Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

The plaintiff cannot proceed with this case because this federal court does not have subject-matter jurisdiction. Federal courts have the authority to consider and decide cases that involve violations of federal laws or the federal Constitution—this is called "federal question" jurisdiction. 28 U.S.C. §1331. They also have the authority to consider and decide lawsuits between citizens of different states, if the amount in controversy is more than $75,000—this is called "diversity jurisdiction." 28 U.S.C. §1332. Federal courts cannot consider and decide lawsuits alleging violations of state law unless the plaintiff lives in a different state from every defendant (and the amount of claimed damages exceeds $75,000), or unless the state-law claims relate to a federal claim.

The plaintiff has not identified or raised any claims under federal laws or the federal Constitution. Instead, the plaintiff alleges that the defendants slandered and defamed him, which is a state law tort claim. For the court to have jurisdiction over this state law claim, there must be complete diversity of citizenship between the parties under 28 U.S.C. §1332. See Eichmann v. Hunter Automated Machinery, Inc., 167 F. Supp. 2d 1070, 1071–72 (E.D. Wis.

2001) (stating that for a federal court to have diversity jurisdiction, "the plaintiff must differ in citizenship from each defendant—the rule of 'complete diversity'—in order for subject matter jurisdiction to exist under § 1332." (citations omitted)).

The plaintiff lives in Michigan, as do both defendants. Although the plaintiff alleges damages of more than the $75,000 jurisdictional requirement under §1332, there is no diversity of citizenship between the plaintiff and the defendants. That means that, because there is no federal question and no diversity, this court lacks subject-matter jurisdiction over the plaintiff's state law claims and must dismiss the complaint. Because the court will dismiss the complaint for lack of subject-matter jurisdiction, it will dismiss without prejudice (which means that the plaintiff may bring his claims in state court).

Although courts generally give civil plaintiffs at least one opportunity to amend their pleadings, the court need not do so where the amendment would be futile. See Fields v. Miller, Case No. 21-1419, 2022 WL 1011666, at *3 (7th Cir. Apr. 5, 2022) (citing Runnion *ex rel.* Runnion v. Girl Scouts of Greater Chi. & Nw. Ind., 786 F.3d 510, 519–20 (7th Cir. 2015)).

The court also observes that the claims the plaintiff seeks to assert against the defendants seeking money damages for their judicial and quasi-judicial acts during the plaintiff's lawsuit against the bankruptcy court in Michigan have no merit because those claims would be barred by judicial and quasi-judicial immunity. See Forrester v. White, 484 U.S. 219, 225 (1988) (explaining that judicial immunity "protect[s] judicial independence by

insulating judges from vexatious actions prosecuted by disgruntled litigants"); Denhof v. Challa, 311 Mich. App. 499, 519 (2015) ("The immunity or judicial proceedings privilege extends to 'relevant, material, or pertinent' statements made by judges, attorneys, and witnesses during the course of judicial proceedings." (citation omitted)).

And the plaintiff's claim of a right to declare himself a sovereign has long been held to lack any "conceivable validity in American law." See United States v. Schneider, 910 F.2d 1569, 1570 (7th Cir. 1990); see also Bey v. State, 847 F.3d 559, 559-60 (7th Cir. 2017); United States v. Jonassen, 759 F.3d 653, 657 & n.2 (7th Cir. 2014); United States v. Benabe, 654 F.3d 753, 767 (7th Cir. 2011); United States v. Hilgeford, 7 F.3d 1340, 1342 (7th Cir. 1993).

## III. Conclusion

The court **GRANTS** the plaintiff's motion for leave to proceed without prepaying the filing fee. Dkt. No. 2.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for lack of subject-matter jurisdiction. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 2nd day of September, 2026.

**BY THE COURT:**

**HON. PAMELA PEPPER**
**Chief United States District Judge**